APOLLO CIGAR CO. v. ROBERT J. O'BRIEN ET AL.

COVENANTS OF RESTRICTION OF DOUBTFUL MEANING RESOLVED ADVERSELY TO RE-
STRICTION.

A covenant in a lease of a storeroom of a hotel building for a cigar and
    tobacco business restricting the lessee from renting any other of the
    storerooms for such business excepting certain cigar privileges in the
    hotel office, bar and restaurant, is controlled by the rule of construction,
    that where there is doubt as to the meaning of a covenant of restriction
    it must be resolved adversely to the restriction without any extension
    or enlargement by implication in the language used, and hence, the
    erection and maintenance of a cigar stand in the hotel lobby is not a
    breach of such covenant.

**F. J. Dorger,** and **D. F. Cash,** for plaintiff.

**K. H. Cadwell,** for defendants.

**GIFFEN, J.**

It appears from the petition that the plaintiff leased from the
defendant, O'Brien, "the first floor and basement of the four-story
brick building known as No. 11 East Sixth street, and forming a part
of the Hotel Savoy building, from Nos. 5 to 15 inclusive, East Sixth
street, Cincinnati, Ohio," and that in the lease he agreed for himself
and his assigns—

"That he will not rent any of the storerooms connected with the
Hotel Savoy building, numbered 5 to 15 inclusive, East Sixth street,
for a cigar and tobacco business, during the occupancy of this plain-
tiff herein, excepting that the defendant, Robert J. O'Brien, expressly
reserved the right to sell cigars, tobacco, smoker's articles, magazines
and periodicals at a stand not to exceed eight feet in length in the hotel
office, at the bar connected with the said hotel, and from a stand in a
restaurant, if one should be established and a cigar stand desired,

which latter stand was also not to exceed eight feet in length, the said stands to be located at the hotel office desk, and the restaurant cashier's desk.''

The first part of the above allegation sets up a restriction of the right of the lessor to rent any of the other store rooms for a cigar and tobacco business. It does not in terms nor by implication refer to or apply to the hotel office or lobby. The rest of the allegation states an apparent exception to or reservation in the restrictive clause, but can have no application as such unless the lessor or his assigns should conclude to establish a restaurant in one of the aforesaid storerooms. In other words, the lessor had conveyed no right pertaining to the hotel office nor restricted the use thereof in any way that would require or permit an exception or reservation. It may be said, however, that from the designation of a specific location and size of the cigar stand in the hotel office, an intention to so restrict it may be inferred; but it seems well settled in cases of this kind all doubts must be resolved in favor of natural rights and against restrictions thereon. If there is doubt as to the meaning of the covenant, it must be resolved adversely to the restriction, but in determining its meaning, that must be found from the language used, which is not to be extended or enlarged by implication. *Postal Telegraph-Cable Co.* v. *Telegraph Co.* 155 Ill. 335 [40 N. E. Rep. 587].

The erection and maintenance in the hotel lobby of a cigar stand sixteen feet in length by the Hotel Savory Co., one of the lessor's assigns, is not therefore a breach of the covenant in the lease, and the demurrer to the petition will be sustained.

**Swing** and **Smith, JJ.,** concur.